**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

DAMJAN GRUEV,

               Plaintiff,

    v.                                    Case No. 2:09-CV-00579

ERIC HOLDER, JR., Attorney General         JUDGE HOLSHUH
of the United States, et al.,

                                       MAGISTRATE JUDGE ABEL

               Defendants.

## DEFENDANTS' MOTION TO DISMISS

      COMES NOW Defendants, Eric Holder, Jr., Attorney General of the United States, Janet

Napolitano, Secretary, Department of Homeland Security, John T. Morton, Assistant Secretary,

Immigration and Customs Enforcement (ICE), and Vincent Clausen, Field Office Director, ICE,

appearing for the limited purpose of making this motion and not for any other purpose, by and

through the undersigned counsel and moves this Honorable Court, pursuant to Fed. Rule of Civ. Pro.

12(b)(1) and 12(b)(6), to dismiss Plaintiff's complaint for lack of jurisdiction over the subject matter

and/or dismiss Plaintiff's complaint for failure to state a claim for which relief can be granted.  The

basis for Defendants' motion is contained in the attached Memorandum in Support.

                                   Respectfully submitted,

                                   WILLIAM E. HUNT
                                   Acting United States Attorney


                                   s/Christopher R. Yates
                                   CHRISTOPHER R. YATES (0064776)
                                   Assistant United States Attorney
                                   Attorney for Defendants

**MEMORANDUM IN SUPPORT**

## I.    STATEMENT OF THE FACTS AND THE CASE

On July 8, 2009, Plaintiff Damjan Gruev (A089040945) filed an action in this Court challenging the decision of Immigration and Customs Enforcement (ICE) issuing an administrative order of deportation pursuant to the Immigration and Nationality Act (INA) § 252(b) (8 U.S.C. § 1282(b)).  Doc. 2, p. 1.  Plaintiff claims to be in constructive custody under an order of supervision from ICE which "flowed from" the removal order dated April 29, 2009.  Id. at 7.  Plaintiff claims that the order of removal, and resulting order of supervision, were improperly ordered.  Id.

Plaintiff is a native and citizen of Macedonia.  Id. at 3.  Plaintiff entered the United States on December 10, 1999 as an alien crewman.  Id.  He was authorized to remain in the United States until December 13, 1999, but did not depart before that date.  Id.  Plaintiff alleges that he filed a labor certification with the Department of Labor on April 27, 2001, and subsequently filed an I-140 petition concurrently with an application to adjust status with the United States Citizenship and Immigration services, listing his wife, Aleksandra Krninova[1] (A089040946), as a derivative applicant.  Id. at 5-6.  Plaintiff alleges that his application for adjustment of status was denied on July 28, 2008 because his I-140 petition was denied.  Id. at 6.  Plaintiff alleges that he subsequently filed a new I-140 petition along with his adjustment of status application, and that those applications are pending.  Id.

Plaintiff is not now, nor has he ever been on an order of supervision issued by the Department of Homeland Security (DHS), ICE, or any other DHS entity.  See Declaration of Beth

---

[1]Ms. Krninova has filed a similar action, which was assigned to Judge Watson.  See Krninova v. Holder, Case No. 2:09-cv-00577.

A. Woodfin, Deportation Officer, Columbus sub-office, Detroit Field Office, DHS, ICE, Detention and Removal Operations (DRO), (hereinafter referred to, marked, and attached hereto as Exhibit A), ¶ 4.  The Order of Deportation issued to Plaintiff by ICE on April 29, 2009 does not include or invoke an order of supervision.  Id., ¶ 5.  Plaintiff was not in the custody of DHS, ICE, or any other DHS entity when he filed this civil action, or at any time between April 29, 2009 and July 29, 2009. Id., ¶ 6.

Plaintiff has exhausted all administrative remedies.  Id. at 12.  Thus the order of deportation issued by ICE is a "final order of removal" as that term is used in 8 U.S.C. § 1252.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) states that a defense asserting the "lack of jurisdiction over the subject matter" may be made by motion.  When a party challenges subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the plaintiff has the burden of pleading and proving that the court has subject matter jurisdiction.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182, 189 (1936); Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2005); Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990).  Motions to dismiss for lack of subject matter jurisdiction are generally either facial or factual attacks on the complaint.  United States v. Richie, 15 F.3d 592, 598 (6th Cir. 1994); Ohio Nat'l, 922 F.2d at 325.  A facial attack goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true, a similar safeguard to motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  See id.

A factual attack, however, challenges the existence of subject matter jurisdiction in fact apart from any pleadings; in such a case, "no presumptive truthfulness applies to the factual allegations"

in the complaint.  Id.; RMI Titanium Co. v. Westinghouse Electric Corp., 78 F.3d 1125, 1134 (6th

Cir. 1996); Ritchie, 15 F.3d at 598; Moir v. Greater Cleveland Regional Transit Auth., 896 F.2d 266,

269 (6th Cir. 1990).  With a factual attack, the court must weigh the conflicting evidence to arrive

at the factual predicate that subject matter jurisdiction exists or does not exist.  Id.; DXL, Inc. v.

Kentucky, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted).  The court has wide discretion to

allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional

facts, and this consideration does not convert the motion into a motion for summary judgment under

Rule 56.  Nichols v. Muskingum College, 318 F.3d 674, 677 (6th Cir. 2003); Ohio Nat'l, 922 F.2d

at 325; see also, Rogers v. Stratton Industries, Inc., 798 F.2d 913, 915 (6th Cir. 1986); Land v. Dollar,

330 U.S. 731, 735 n. 4 (1947) (holding that "when a question of the district court's jurisdiction is

raised. . . the court may inquire by affidavits or otherwise, into the facts as they exist").

In this case, the Defendants' Motion to Dismiss presents both a facial and a factual challenge,

under Rule 12(b)(1), to the Court's subject matter jurisdiction.

The defense of failure to state a claim upon which relief can be granted may be brought

pursuant to Rule 12(b)(6).  On a motion to dismiss under Rule 12(b)(6), the Court must construe the

complaint in favor of Plaintiff, accept the factual allegations contained in the complaint as true, and

determine whether Plaintiff has pled enough facts to state a claim that is plausible on its face.  See

Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964–65, 1974 (2007); see also Ass'n of Cleveland Fire

Fighters v. Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (stating Rule 12(b)(6) standard under Bell

Atlantic).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." Bell Atlantic, 127 S.Ct. at 1964–65 (citations omitted).  The Court need not accept as true legal conclusions or unwarranted factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

When a defendant seeks dismissal for both lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the 12(b)(1) motion first because the 12(b)(6) motion will become moot if subject matter jurisdiction is lacking.  City of Heath v. Ashland Oil, 834 F.Supp. 971, 975 (S.D. Ohio 1993).

## III.  LAW AND ARGUMENT

### A.  This Court Lacks Jurisdiction Over Plaintiff's Habeas Complaint as Plaintiff Was Not in Custody When He Filed His Compliant.

Plaintiff erroneously claims to be in constructive custody while under an ICE order of supervision.  Doc. 2, p. 7.

District Courts have jurisdiction to hear petitions for habeas relief only from persons who are "in custody." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  A "habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  Id. at 490-91.  This requirement is "designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."  Leslie v. Randle, 296 F.3d 518, 521 (6th Cir. 2002) (quoting Hunsley v. Municipal Court, 411 U.S. 345, 351 (1973)).

Plaintiff is not, nor has he been under an order of supervision[2] or in custody of DHS, ICE, or any other DHS entity.  See Ex. A, ¶¶ 4-6.  Since custody is a jurisdictional prerequisite to hear a

_____

[2]Even if Plaintiff were under an order of supervision, that would not constitute "in custody" under 28 U.S.C. § 2241.  Although non-physical custody may satisfy the custody requirement, "severe restraints on freedom" are required.  Randle, 296 F.3d at 523.

habeas petition, and Plaintiff is not in custody, Plaintiff's claims should be dismissed.

**B.     This Court Lacks Subject Matter Jurisdiction Because the REAL ID Act Divested District Courts of Jurisdiction to Review Removal Orders.**

On May 11, 2005, the REAL ID Act became law.  Section 106(a) of the REAL ID Act makes several significant amendments to the Immigration and Nationality Act's jurisdictional statute at 8 U.S.C. § 1252 (2000), to clarify that district courts lack jurisdiction, habeas or otherwise, to review any removal order for any alien, criminal or non-criminal.  Specifically, section 106(a)(2) amended 8 U.S.C. § 1252(b)(9) to state:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in the judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by  section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.).

8 U.S.C. § 1252(b)(9).

In order to make this point clear, Congress revised 8 U.S.C. § 1252(a)(5) to state, in relevant part, that, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . ." 8 U.S.C. § 1252(a)(5); see Muka v. Baker, 559 F.3d 480, 484 (6th Cir. 2009).  Because a petition under 28 U.S.C. § 2241 "cannot be 'entertained' by a district court," such a petition "must be dismissed." Muka, 559 F.3d at 484 (quoting Chen v. Gonzalez, 435 F.3d 788, 790 (7th Cir. 2006)).

The District Court retains jurisdiction over habeas claims challenging detention, unless such claims are merely an indirect challenge of a removal order. Kellici v. Gonzales, 472 F.3d 416, 419-20 (6th Cir. 2006) (citing Haider v. Gonzales, 438 F.3d 902, 910 (8th Cir. 2006)).  In Haider, the

petitioner challenged "his detention for lack of notice regarding his removal hearing." 438 F.3d at 910. The Eighth Circuit held that under the REAL ID Act the district court lacked subject matter jurisdiction to hear the detention challenge which "[did] nothing more than attack the . . . removal order." Id. Where the challenged detention "is only illegal if [an] order of removal was erroneously entered," the action challenges the order of removal. Yzo v. Gonzales, No. 07-11798, 2007 WL 1840145 at *3 (E.D.Mich. June 25, 2007); see also Okoro v. Clausen, No. 07-13756, 2008 WL 253041 at *1 (E.D.Mich. Jan. 30, 2008) (denying a habeas petition because "[Petitioner's] complaints about the nature of his confinement are ancillary to his real concern: that he will be removed").

Plaintiff specifically states that this action seeks relief "from the decision of [ICE] issuing an administrative order of deportation." Doc. 2, p. 1. Because Plaintiff's claims challenge a removal order, this Court lacks subject matter jurisdiction to hear Plaintiff's claims under the REAL ID Act. 8 U.S.C. § 1252(a)(5); Id. at § 1252(b)(9). Although Plaintiff also claims to be improperly in constructive custody under an order of supervision, Plaintiff concedes that this order "flowed from the April 29, 2009 [removal] order." Doc. 2, p. 7. Therefore, even if Plaintiff were in constructive custody, that custody is only illegal if the removal order is improper. Thus Plaintiff's "detention" challenge is a collateral attack on the removal order, over which this Court lacks subject matter jurisdiction.

Pursuant to the REAL ID Act, this Court lacks subject matter jurisdiction to hear Plaintiff's claims. Consequently, this action should be dismissed pursuant to Rule 12(b)(1).

## C. **Plaintiff's Challenge of the Removal Order Is Not Timely.**

Plaintiff claims that the removal order dated April 29, 2009 was improperly issued. Doc. 2,

p. 7.  Further, Plaintiff's habeas challenge is merely a collateral attack on the order of removal.  <u>See</u> argument above at III.B.  However, petition for review of an order of removal "must be filed not later than 30 days after the date of the final order of removal."  8 U.S.C. § 1252(b)(1).  Pursuant to 8 U.S.C. § 1252(b)(2), such "petition for review" should have been filed in the Sixth Circuit Court of Appeals.

If Plaintiff's removal order was subject to review, that review was only available in the Sixth Circuit, and Plaintiff had until Friday, May 29, 2009 to file a petition for review in the Sixth Circuit Court of Appeals.  Plaintiff filed late, in this Court, on July 8, 2009.  Because Plaintiff has not met statutory requirements for review of his order of removal, his claims should be dismissed.

Transfer to the Sixth Circuit would not be appropriate since this action is not timely filed.  Even if Plaintiff had timely filed in the Sixth Circuit, he is ineligible to receive an adjustment of status.  <u>See</u> 8 U.S.C. § 1255(c); 8 U.S.C. § 1255(I); Ahmed v. Gonzales, 447 F.3d 433, 438 (5th Cir. 2006).  Pursuant to 8 U.S.C. 1255(c), alien crewman are ineligible for adjustment of status under 8 U.S.C. § 1255(a) unless, among other qualifications, "the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and an immigrant visa is immediately available to the alien at the time the application is filed."  8 U.S.C. § 1255(i)(2).  Plaintiff's last I-140 application was denied, and his current one is pending.  Doc. 2, 6.  Thus no immigrant visa is or was immediately available to Plaintiff.  <u>See</u> <u>Ahmed</u>, 447 F.3d at 438.

For the foregoing reasons, Plaintiff's claims are untimely and should be dismissed.

**D.       This Court Should Dismiss Defendants as Improperly Named Parties.**

Defendants Eric Holder, Jr., Attorney General of the United States, Janet Napolitano, Secretary, Department of Homeland Security, John T. Morton, Assistant Secretary, ICE, and

Vincent Clausen, Field Office Director, ICE, are all improperly named parties and this Court should dismiss them.

The proper respondent to a habeas petition is "the person who has custody over the petitioner," which is typically not a remote supervisory official who exercises legal control. See Rumsfeld v. Padilla, 542 U.S. 426, 434, 439 (2004); see also 28 U.S.C. § 2243 (providing that "[t]he writ, or order to show cause, shall be directed to the person having custody of the person detained."). Moreover, there is generally only one proper respondent in a prisoner's habeas petition. Padilla, 542 U.S. at 434; see also Ex Parte Endo, 323 U.S. 283, 306 (1944) (holding that a writ is to be directed to prisoner's "jailer").

Plaintiff is not in custody. Ex. A, ¶¶ 4-6. Thus no one has "custody over" Plaintiff; Plaintiff has no jailer. Defendants are all "remote supervisory officials" and are thus not proper[3] parties to this action. For the foregoing reasons, all Defendants should be dismissed as improperly named parties.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's claims be dismissed, and that all Defendants be dismissed.

---

[3]To the extent that this action challenges a removal order, the only proper party is the Attorney General.  8 U.S.C. § 1252(b)(3)(A).  Thus if Plaintiff had timely filed a challenge of the removal order in the Sixth Circuit, Eric Holder, Jr. would have been the proper respondent.

Respectfully submitted,

WILLIAM E. HUNT
Acting United States Attorney


s/Christopher R. Yates
CHRISTOPHER R. YATES (0064776)
Assistant United States Attorney
Attorney for Defendants
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5240
Christopher.Yates @usdoj.gov


CERTIFICATE OF SERVICE


I hereby certify that on September 11, 2009, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel

for Plaintiff, Scott Bratton, Esq.

s/Christopher R. Yates
CHRISTOPHER R. YATES (0064776)
Assistant United States Attorney